UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORGAN STANLEY DW INC.,

        Plaintiff,

v.

Case Number: 2:06-cv-14050
Honorable David M. Lawson

THOMAS J. GROBBEL,

        Defendant.
_____/

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND SCHEDULING HEARING ON MOTION FOR A PRELIMINARY INJUNCTION**

    The plaintiff commenced this action on September 14, 2006 and immediately thereafter presented to the Court a motion for a temporary restraining order. The action is based upon a claim that the defendant, Thomas J. Grobbel, left the employ of the plaintiff, a securities dealer, sometime after July 2006 (although the exact date of resignation is not alleged in the complaint or motion) and used information he obtained while employed by the plaintiff to solicit accounts that he formerly serviced while in the plaintiff's employ. The plaintiff claims that the defendant violated several provisions relating to confidentiality and the protection of proprietary information to which the defendant agreed as a condition of his employment with the plaintiff. The plaintiff seeks an order temporarily restraining the defendant from using any information he obtained while employed by the plaintiff to solicit new clients, contacting anyone whose name he learned while employed by the plaintiff, and engaging in other activities relating to the securities business.

    Accompanying the motion for a temporary restraining order is the plaintiff's verified complaint, which is signed by Robert Vogler, an assistant branch manager of one of the plaintiff's offices. Vogler states that the facts set forth in the verified complaint are "true and accurate."

The action was filed at 2:19 p.m. on September 14, 2006. There is no indication by counsel for the plaintiff that he delivered a copy of the pleadings to the defendant.

Federal Rule of Civil Procedure 65(b) states in part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the Court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

"Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)(noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard"). A temporary restraining order enjoining a former employee from pursuing his livelihood is indeed a drastic remedy. *Hudson v. Barr*, 3 F.3d 970, 975 (6th Cir. 1993).

Neither the motion nor the verified complaint contains facts or reasons "supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Nor are there sufficient factual allegations establishing that irreparable harm may result "before the adverse party or that party's attorney can be heard in opposition." *Ibid.* A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13

(E.D. Mich. 1991). The plaintiff may well be entitled to equitable relief. On the present record, however, the Court finds that the drastic remedy of granting a temporary restraining order without reasonable notice is not justified.

The Court is mindful that the dispute in this case arises in a business context and, if the plaintiff's allegations are true, the defendant's alleged conduct could result in damage to the plaintiff that might be difficult to compute. The plaintiff should be allowed an opportunity to demonstrate entitlement to equitable relief pending the ultimate determination of the merits of this case. However, the present record does not justify granting such relief without reasonable notice to the defendant.

Accordingly, it is **ORDERED** that the plaintiff's Motion for a Temporary Restraining Order, made without reasonable notice to the defendant, is **DENIED.**

It is further **ORDERED** that the plaintiff's Motion for Preliminary Injunction is scheduled for a hearing before this Court on **September 26, 2006** at **9:30 a.m.** The parties, through counsel, are directed to meet and confer on or before September 19, 2006 for the purpose of discussing and narrowing the issues to be presented to the Court at the motion hearing. On or before the close of business on September 22, 2006, each party shall submit to the Court and exchange a list of proposed witnesses and exhibits intended to be presented at the hearing together with a summary of each witness's testimony.

It is further **ORDERED** that counsel for the plaintiff shall cause a copy of the complaint and motion papers to be served on the defendant, together with a copy of this order, by the close of business on or before **Monday, September 18, 2006.**

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated:   September 14, 2006

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2006.
>
> s/Felicia M. Moses
> FELICIA M. MOSES

2:06-cv-14050-DML-DAS   Doc # 3   Filed 09/14/06   Pg 4 of 4    Pg ID 86